**Louis CURRY, Plaintiff—Appellant,**

v.

**Eric SHINSEKI, Secretary, United States Department of Veterans Affairs, Defendant—Appellee.**

**No. 08–16380.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 2009.*

Filed Dec. 14, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rosval Ardis Patterson, Esquire, Patterson & Patterson, Phoenix, AZ, for Plaintiff–Appellant.

Suzanne M. Chynoweth, Assistant U.S. Attorney, U.S. Attorney's Office, Phoenix, AZ, Charles Alexander Davis, Elizabeth Adair Strange, Assistant U.S. Attorney, USTU–Office of the U.S. Attorney, Tucson, AZ, for Defendant–Appellee.

Before: TASHIMA, GRABER, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Louis Curry appeals the district court's grant of summary judgment in favor of the Department of Veterans Affairs ("VA") on his Title VII claims of racial discrimination, 42 U.S.C. § 2000e–16, and retaliation, 42 U.S.C. § 2000e–3. Curry has not exhausted his racial discrimination claim and some of his retaliation claims with the Equal Employment Opportunity Commission ("EEOC") and has not offered sufficient evidence to raise a genuine issue of material fact on his remaining retaliation claim. We therefore vacate the district court's grant of summary judgment on Curry's unexhausted claims and order dismissal of these claims for lack of subject matter jurisdiction, and we affirm the grant of summary judgment on the exhausted retaliation claim.

1. In order to bring a Title VII claim in district court, a plaintiff must first exhaust administrative remedies. 42 U.S.C. § 2000e–16(c). "The district court has jurisdiction over any charges of discrimination that are like or reasonably related to the allegations in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out [of] the charge of discrimination." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir.2001) (internal quotation marks omitted). "[T]he charge must at least be sufficient to notify the agency that employment discrimination is claimed." *Id.* at 710.

Curry did not exhaust his racial discrimination claim or his claims of past instances of retaliation. He failed to list racial discrimination or specific instances of past retaliation in his complaint to the EEOC. He argues, however, that because these complaints reasonably relate to his

complaint for "reprisal for prior EEO activity," that his racial discrimination claim and claims of past retaliation were exhausted. Because his complaint identifies retaliation only in the form of "non-selection" for the "supervisory program specialist" position due to his "prior EEO activity," the agency was not on notice to investigate racial discrimination claims or instances of past retaliation. The agency was on notice to investigate only the claim the VA did not promote Curry in retaliation for his previous complaints.

We have held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." *Sommatino*, 255 F.3d at 708. Although the district court granted summary judgment to the VA on the grounds that Curry had not exhausted his claims, it should have found that it lacked subject matter jurisdiction over Curry's non-exhausted Title VII claims. We vacate the district court's grant of summary judgment on Curry's non-exhausted Title VII claims and order these claims dismissed.

■ 2. Curry also argues that the district court's grant of summary judgment on his exhausted retaliation claim was improper. Assuming that Curry made out a prima facie case of retaliation, the burden shifted to the VA to advance non-retaliatory reasons for Curry's non-selection. *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994). The VA offered several explanations for promoting another over Curry, and it was incumbent upon Curry to show that the VA's reasons were pretextual. "[A] plaintiff can prove pretext ... by showing that the employer's proffered explanation is ... internally inconsistent or otherwise not believable.... Where the evidence of pretext is circumstantial, rather than direct, the plaintiff must present specific and substan-

tial facts showing there is a genuine issue for trial." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir.2007) (citations and internal quotation marks omitted) (alteration in original). Curry offers an award he received a year before the promotion and the description of his qualifications in arguing that the non-selection for the promotion was internally inconsistent. Curry's argument is unpersuasive because the VA never said he was a bad employee; rather, it said only that he was not the most qualified candidate for the position. Furthermore, Curry fails to articulate his argument to this court that the person promoted over him was unqualified for the position.

Because Curry merely asserts allegations, not specific, substantial facts showing a genuine issue for trial, we affirm the district court's grant of summary judgment on the retaliation claim.

AFFIRMED in part; VACATED in part; REMANDED with instructions to dismiss remaining claims. The VA is awarded costs on appeal.